**Alan WINTERS, Petitioner—Appellant,**

v.

**Mike KNOWLES, Acting Warden, Respondent—Appellee.**

No. 03–16160.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 9, 2006.

Decided Jan. 26, 2006.

Dane R. Gillette, Esq., Peggy S. Ruffra, Esq., AGCA—Office of the California, Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: NOONAN, TASHIMA, and W. FLETCHER, Circuit Judges.

### MEMORANDUM *

California state prisoner Alan Winters appeals the district court's denial of his petition for writ of habeas corpus. Winters argues that the state court's failure to hold a second competency hearing violated his right to due process. We conclude that Winters' argument is without merit. The state court correctly applied the Supreme Court cases that address the need for competency hearings. Further, the state court was not unreasonable in its determination that the evidence of incompetency fell below the threshold of "substantial evidence" raising a bona fide doubt as to competency. Therefore, the district court did not err in denying relief.

We have jurisdiction under 28 U.S.C. § 2253. The district court's jurisdiction was pursuant to 28 U.S.C. §§ 2241 and 2254. We review *de novo* the district court's decision to grant or deny a § 2254 habeas petition. Under the Anti–Terrorism and Effective Death Penalty Act of 1996, a federal court can grant habeas relief only if the state court's decision was: (1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

■ We first conclude that the state's decision was not contrary to clearly established Supreme Court precedent. Under *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), due process requires a trial court to hold a competency hearing *sua sponte* when the evidence before it raises a bona fide doubt about whether a defendant is mentally competent. *Id.* at 385, 86 S.Ct. 836. A bona fide doubt exists if there is "substantial evidence of incompetence." *Amaya–Ruiz v. Stewart,* 121 F.3d 486, 489 (9th Cir.1997) (internal citations and quotation marks omitted). Factors relevant to determining a defendant's competence include evidence of a defendant's irrational behavior, his

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

demeanor at trial, and any prior medical opinion on competence to stand trial. *Drope v. Missouri*, 420 U.S. 162, 180, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975).

While *Pate* and *Drope* do not articulate a specific standard for when a second competency hearing is required, the Supreme Court has instructed that "[e]ven when a defendant is competent at the commencement of his trial, a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence." *Id.* at 181, 95 S.Ct. 896. Accordingly, we apply the *Pate* "bona fide doubt" standard to determinations of whether a subsequent competency hearing was required. *See, e.g., Amaya–Ruiz*, 121 F.3d at 489.

Here, the California Court of Appeal correctly identified the Supreme Court's standard under *Pate*, and considered the factors required under *Drope*—namely, the interviews by mental health professionals, Winters' conduct at trial, Winters' prior suicide attempts, and the bizarre circumstances of the offense. *See Drope*, 420 U.S. at 180, 95 S.Ct. 896. Consequently, the state court's decision was not contrary to clearly established Supreme Court law.

■ Nor was the state court objectively unreasonable in its factual determination that a second competency hearing was not required. Winters' only erratic behavior at trial consisted of a single episode after the witness, Ms. Hollibaugh, began to recount the events of December 28th, and after Hollibaugh herself broke down. Winters' erratic or irrational behavior during the commission of the crime and the suicide attempts thereafter occurred more than a year before trial began. The only medical evaluation specifically aimed at ascertaining competency, the second Hjortsvang report, found Winters competent. Winters' medical records, which were illegible and lacked any explanation, were of little evidentiary value.

The affirmative evidence of Winters' competency further supports the state court of appeal's determination that a competency hearing was not required. First, Winters' ability to testify cogently and at length during the sanity phase of the trial was indicative of competency. Second, Winters' own attorney, at the crucial moment when Winters was found huddling under the table, informed the court that he was not requesting a second competency hearing. While defense counsel's assessment of a client's competency is not determinative, the Supreme Court has observed that "defense counsel will often have the best-informed view of the defendant's ability to participate in his defense." *Medina v. California*, 505 U.S. 437, 450, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992).

In sum, the state court of appeal's decision that a second competency hearing was not required was not objectively unreasonable. Accordingly, we affirm the district court's denial of Winters' petition for a writ of habeas corpus.

**AFFIRMED.**